**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMSON TUG AND BARGE CO., INC,

        Plaintiff - Appellant,

and

MARINE ENGINEERS' BENEFICIAL,
AFL-CIO,

        Plaintiff,

  v.

INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION, ALASKA
LONGSHORE DIVISION;
INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION, UNIT 222,

        Defendants - Appellees.

No. 24-5730

D.C. Nos.
3:20-cv-00108-TMB
3:20-cv-00248-TMB-MMS

MEMORANDUM[*]

SAMSON TUG AND BARGE CO., INC,

        Plaintiff - Appellee,

  v.

INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION, ALASKA

No. 24-6017

D.C. No.
3:20-cv-00108-TMB

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

LONGSHORE
DIVISION; INTERNATIONAL
LONGSHORE AND WAREHOUSE
UNION, UNIT 222,

Defendants - Appellants.

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Circuit Judge, Presiding

Argued and Submitted August 15, 2025
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Plaintiff Samson Tug and Barge Company brought claims under the Labor Relations Management Act against Defendants International Longshore and Warehouse Union, Alaska Longshore Division and Unit 222. Plaintiff appeals from the summary judgment entered in favor of Defendants. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, Donnell v. Kowell, 533 F.3d 762, 769 (9th Cir. 2008), we affirm.

1. Defendants are entitled to a complete defense as to Plaintiff's claims under the work preservation doctrine. See NLRB v. Int'l Longshoremen's Ass'n, 473 U.S. 61, 81–82 (1985) (holding that when the objective of an agreement and the purpose behind its enforcement is "work preservation," the union does not violate 29 U.S.C. § 158(b)(4)(B) or § 158(e)(6)); Int'l Longshore & Warehouse Union v. NLRB, 978 F.3d 625, 637 (9th Cir. 2020) (holding that a "valid work

preservation objective provides a complete defense against alleged violations of section 8(b)(4)(D) . . . ").

Here, the longshore work conducted at the Womens Bay terminal falls under the purview of the All-Alaska Longshore Agreement ("AALA") because the terminal is owned by Matson Navigation Company, which is an employer that is a signatory to the AALA. The AALA provides that Defendants' members "shall operate all cargo handling equipment on <u>facilities owned</u> or operated by <u>Signatory Employers</u> for movement and handling of the cargo/equipment on behalf of the Employer . . . and [n]on-signatory employees shall not operate any cargo handling equipment on facilities owned or operated by Signatory Employers beyond an area designated and agreed to jointly by the parties." (Emphasis added). Moreover, Defendants' members had in fact performed work at the terminal for two years, before pursuing arbitration. Accordingly, Defendants' pursuit of arbitration was for a valid work preservation purpose.

2.      The district court erred by denying as moot Defendants' motion for Rule 11 sanctions, without considering the motion on the merits. An entry of summary judgment does not render a pending motion for Rule 11 sanctions moot. See <u>Shell Offshore Inc. v. Greenpeace, Inc.</u>, 815 F.3d 623, 631 (9th Cir. 2016) ("Even where one issue in a case has been rendered moot, others may remain.").

**AFFIRMED in part, REVERSED in part, and REMANDED for**

additional proceedings consistent with this disposition.  The parties shall bear

their own costs on appeal.